ROBERT A. LEVINSON [SBN 82300]
Email: rlevinson@laklawyers.com
YOONIS J. HAN [SBN256151]
Email: yhan@laklawyers.com
**LEVINSON ARSHONSKY & KURTZ, LLP**
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone:    (818) 382-3434
Fax:          (818) 382-3433

Attorneys for Plaintiff
JUDI FIELDS

FILED
BY: ___
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
10 AUG -3 PM 3:36

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDI FIELDS, an individual | Case No.  CV10  5772  CAS  SSx |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | |
| QSP, INC., a Delaware corporation; TIME INC., a Delaware corporation; and DOES 1 through 50, inclusive, | 1. FAILURE TO PAY OVERTIME WAGES UNDER 29 U.S.C. §§207(a), 216(b); |
| | 2. FAILURE TO PAY OVERTIME WAGES UNDER CALIFORNIA LABOR CODE §§510, 1194; |
| Defendants. | 3. FAILURE TO PAY VESTED VACATION TIME UNDER CALIFORNIA LABOR CODE §227.3; |
| | 4. FAILURE TO PROVIDE MEAL PERIODS UNDER CALIFORNIA LABOR CODE §§226.7, 512; |
| | 5. UNLAWFUL DEDUCTIONS FROM WAGES UNDER CALIFORNIA LABOR CODE §§ 221, 223; |
| | 6. WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE §§201, 202 AND 203; |
| | 7. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS UNDER CALIFORNIA LABOR CODE §226; AND |
| | 8. UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 *ET SEQ.* |
| | **AND DEMAND FOR JURY TRIAL** |

LEVINSON ARSHONSKY & KURTZ, LLP

1
COMPLAINT

1823-001/82785

1    **COMES NOW PLAINTIFF** JUDI FIELDS complains and alleges as follows:

2    <u>**GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES**</u>

3    1.    Plaintiff JUDI FIELDS ("Plaintiff") is an individual who was employed by Defendants

4    QSP, INC., a Delaware corporation, and TIME INC., a Delaware corporation (collectively

5    "Defendants"), and DOES 1 through 50, inclusive, in the County of Los Angeles, State of California.

6    2.    Plaintiff is and at all relevant times was a resident of California residing in Los Angeles

7    County, California.

8    3.    Plaintiff is informed and believes, and based thereon alleges, that defendant QSP, INC.

9    ("QSP"), is a Delaware corporation, with its headquarters at 225 High Ridge Road, Stamford, CT

10    06902, and employees throughout this country.

11    4.    Plaintiff is informed and believes, and based thereon alleges, that defendant TIME INC.

12    ("TIME"), is a Delaware corporation, with its headquarters at 1271 Avenue of the Americas, New

13    York, NY 10020, and employees throughout this country.

14    5.    Plaintiff is informed and believes, and based thereon alleges, that defendant QSP, INC.

15    is a wholly owned subsidiary of defendant TIME INC.

16    6.    At all relevant times alleged herein, Plaintiff was employed by Defendants as a

17    California-based employee.

18    7.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has

19    suffered and continues to suffer from loss of earnings and other damages in amounts not yet

20    ascertained, but subject to proof at trial.

21    8.    Plaintiff is ignorant of the true names or capacities of the Defendants sued herein under

22    the fictitious names DOES 1 through 50, inclusive; and they are therefore sued pursuant to Code of

23    Civil Procedure §474. When their true names and capacities are ascertained, Plaintiff will amend this

24    Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and

25    based thereon alleges, that Defendants DOES 1 through 50, inclusive, hereinafter collectively referred

26    to as DOES, is an employer of Plaintiff, and that damages of Plaintiff as alleged herein were

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

1823-001/82785

1 proximately caused by Defendants DOES, either through said Defendants' own conduct or through the
2 conduct of their agents and/or employees.

3      9.     Plaintiff is informed and believes and thereon alleges that at all relevant times each
4 Defendant was the principal, agent, employer, employee, partner, joint venturer, officer, director,
5 controlling shareholder, subsidiary, affiliate, parent corporation, successor-in-interest and/or
6 predecessor-in-interest of some or all of the other Defendants, and was engaged with some or all of the
7 other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the
8 other Defendants so as to be liable for the conduct of them.  Plaintiff is further informed and believes
9 and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships
10 alleged above, that each Defendant knew or should have known about, authorized, ratified, adopted,
11 approved, controlled, aided and abetted the conduct of all other Defendants.

12      10.     Pursuant to Industrial Welfare Commission ("IWC") Wage Order 7 published at
13 California Code of Regulations Title 8, Section 11040, subdivision 2, each and every one of the
14 Defendants is an employer of Plaintiff, with respect to all the causes of action alleged in this
15 Complaint, within the meaning of the applicable Wage Order and applicable California Labor Code
16 sections.  Therefore, each of the Defendants is jointly and severally liable for the wrongs complained of
17 herein.

18 **JURISDICTION AND VENUE**

19      11.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the
20 Fair Labor Standards Act of 1938 ("FSLA"), 29 U.S.C. §216(b), and 28 U.S.C. §1331.  This Court has
21 supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1337(a), because the
22 state law claims are so related to the federal claims that they form part of the same case or controversy
23 between Plaintiff and Defendants.

24      12.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), because a
25 substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and
26 Defendants transact business within Los Angeles County.

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

3
COMPLAINT

1823-001/82785

**FACTUAL ALLEGATIONS**

13.     Plaintiff had been employed by Defendants from September 7, 1999 until February 19, 2010. Plaintiff was employed as an account manager from September 7, 1999 to about 2005, and as a "Services and Sales Specialist" from about 2005 to February 19, 2010. Beginning in or about 2005, with the approval of Defendants, Plaintiff began working strictly from her home making sales along with "field sales managers," working for Defendants. Her home was considered the employer's place of business; she never made more than half her wages in commissions; and she was not primarily engaged in exempt duties. As a result, she was never an exempt employee.

14.     During Plaintiff's employment, Defendants: (1) failed to pay overtime per the FLSA; (2) failed to pay overtime per California law; (3) failed to pay vested unused vacation pay due upon termination; (4) failed to provide meal periods; (5) made unlawful deductions from wages; (6) failed to provide Plaintiff the above-mentioned wages upon separation of his employment relationship as required by California Labor Code §203; (7) failed to provide accurate itemized statements under California Labor Code §226; and (8) engaged in unlawful conduct and unfair business practices.

15.     On or about April 14, 2010, QSP and Plaintiff entered into a tolling agreement effective as of April 12, 2010 ("Tolling Agreement"), and which expired through multiple extensions by the parties on or about July 30, 2010. A true and correct copy of the Tolling Agreement, and email communications reflecting the last extension of the tolling period and termination of the tolling period are attached hereto as Exhibit "A" and incorporated herein by this reference.

16.     By letter postmarked August 2, 2010, Plaintiff gave written notice, via certified U.S. Mail, to Defendants and the Labor and Workforce Development Agency ("LWDA") of Plaintiff's allegations of Defendants' violations of the California Labor Code to comply with California Labor Code §2699.3. A true and correct copy of this letter is attached hereto as Exhibit "B" and incorporated herein by this reference. Pursuant to California Labor Code §2699.3(a)(2), if the LWDA has not given notice of its intention to investigate within 33 days of the postmark of the employee's notice letter, Plaintiff will seek to amend her existing complaint to add a cause of action arising under the PAGA after satisfaction of the aforementioned procedures, under California Labor Code § 2699.3(a)(2)(C).

LEVINSON ARSHONSKY & KURTZ, LLP

4

COMPLAINT

1823-001/82785

1   **FIRST CLAIM FOR RELIEF**

2   **FAILURE TO PAY OVERTIME WAGES**

3   **UNDER 29 U.S.C. §§207(a), 216(b)**

4   **(By Plaintiff Against All Defendants)**

5       17.    Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein,

6   the allegations contained in paragraphs 1 through 16.

7       18.    Section 207(a) of the FLSA requires employers to pay covered non-exempt employees

8   overtime pay amounting to 1.5 times their regular rate of pay for all hours worked in excess of 40 hours

9   per week.

10       19.    Specifically, §207(a) provides, in pertinent part:

11       "…no employer shall employ any of his employees who in any workweek is engaged in

12   commerce or in the production of goods for commerce, or is employed in an enterprise engaged

13   in commerce or in the production of goods for commerce, for a workweek longer than forty

14   hours unless such employee receives compensation for his employment in excess of the hours

15   above specified at a rate not less than one and one-half times the regular rate at which he is

16   employed."

17       20.    During the relevant statutory period, Plaintiff spent more than fifty percent of her work

18   time performing non-exempt work, the primary duty of her job was non-exempt work and/or she was

19   otherwise not exempt from the overtime provisions of the FLSA.

20       21.    During the relevant statutory period, Plaintiff regularly worked in excess of forty hours

21   per week, with the knowledge and/or acquiescence of Defendants.

22       22.    Specifically, while Plaintiff regularly worked over forty hours per week, she provided

23   Defendants with phone records, fax records, and email records indicating such hours worked over forty

24   hours per week.  She had regular late night communications with management employees.

25       23.    Yet, Defendants willfully failed to pay overtime wages to Plaintiff in violation of 29

26   U.S.C. §207(a).

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

1823-001/82785

1     24.    Section 216(b) of the FLSA creates a private right of action for violations of §207, and

2 provides in pertinent part:

3       "Any employer who violates the provisions of section 206 or 207 of this title shall be liable to

4       the employee or employees affected in the amount of their…unpaid overtime compensation,

5       and in an additional equal amount as liquidated damages."

6     25.    Pursuant to 20 U.S.C. §§207(a) and 216 of the FLSA, Plaintiff is entitled to recover in

7 this action the unpaid balance of the overtime compensation due to her at the rate of 1.5 times her

8 regular rate of pay, plus an equal amount as liquidated damages and reasonable attorney's fees and

9 costs of the suit, for her time spent working, as described and defined herein, throughout the relevant

10 statutory period.

11 **SECOND CLAIM FOR RELIEF**

12 **FAILURE TO PAY OVERTIME WAGES**

13 **UNDER WAGE ORDER 4-2001 AND CALIFORNIA LABOR CODE §§510 AND 1194**

14 **(By Plaintiff Against All Defendants)**

15     26.    Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein,

16 the allegations contained in paragraphs 1 through 25.

17     27.    At all times relevant herein, Defendants were required to compensate their employees

18 for all hours worked pursuant to Industrial Welfare Commission Order 7-2001, California Code of

19 Regulations, Title 8, §11040.

20     28.    At all times relevant to this Complaint, Industrial Welfare Commission (IWC) California

21 Code of Regulations, Title 8, California Code of Regulations §11040, subdivision (3) stated in pertinent

22 part:

23       "(A)    Daily Overtime-General Provisions

24           (1)    [E]mployees shall not be employed more than eight (8) hours in any

25 workday or more than 40 hours in any workweek unless the employee receives one and one-half

26 (1-1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the

27 workweek . . . . Employment beyond eight (8) hours in any workday or more than six (6) days

28

LEVINSON ARSHONSKY & KURTZ, LLP

1    in any workweek is permissible provided the employee is compensated for such overtime at not

2    less than:

3            (a)    One and one-half (1-1/2) times the employee's regular rate of pay

4    for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any

5    workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in

6    a workweek; and

7            (b)    Double the employee's regular rate of pay for all hours worked in

8    excess of twelve (12) hours in any workday, and for all hours worked in an excess of eight (8)

9    hours on the seventh (7th) consecutive day of work in any workweek.

10   29.    At all times relevant to this Complaint, California Labor Code §510(a) stated:

11           "Any work in excess of eight hours in one workday and any work in excess of 40

12   hours in any one workweek and the first eight hours worked on the seventh day of work in

13   any one workweek shall be compensated at the rate of no less than one and one-half times the

14   regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be

15   compensated at the rate of no less than twice the regular rate of pay for an employee."

16   30.    Pursuant to California Labor Code §558, Defendants are liable to each Plaintiff for

17   civil penalties for each violation of any order of the IWC.  For any violation, fifty dollars ($50.00) for

18   each underpaid employee for each pay period for which the employee was underpaid and one

19   hundred ($100.00) for each subsequent violation.

20   31.    Plaintiff was a non-exempt employee who was entitled to overtime pay.  As she was

21   not paid overtime, she was damaged in the amount of overtime pay accrued, along with interest at a

22   legal rate of 10% and attorneys' fees as provided by California Labor Code §§218.6 and 1194.

23   ///

24   ///

25   ///

26   ///

27   ///

LEVINSON ARSHONSKY & KURTZ, LLP

28

1823-001/82785

1

**THIRD CLAIM FOR RELIEF**

2

**FOR FAILURE TO PAY VESTED VACATION TIME**

3

**UNDER CALIFORNIA LABOR CODE §227.3**

4

**(By Plaintiff Against All Defendants)**

5        32.    Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein,

6    the allegations contained in paragraphs 1 through 31.

7        33.    By their conduct, as set forth herein, Defendants violated California Labor Code

8    §227.3 (and relevant order of the IWC) by failing to compensate its employees for vested vacation

9    time. California Labor Code §227.3 obligates employers to pay an employee for vested, or accrued

10   but unused, vacation time at the time of his or her termination, together with any other unpaid wages.

11       34.    Defendants have continuously engaged in the unlawful practice of expiring its

12   employees' vacation days, by having a "use-it-or-lose-it" policy. Employers cannot lawfully force

13   employees to take vacation time or lose it. *See* <u>Boothby v. Atlas Mechanical</u>, 6 Cal.App.4th 1596

14   (1992).

15       35.    Defendants' failure to pay for Plaintiff's vested vacation time, in combination with

16   their unlawful policy of expiring such vacation days, constitutes a violation of California Labor Code

17   §227.3., and Plaintiff has been damaged by such violations.

18       36.    Pursuant to California Labor Code §227.3 and <u>Church v. Jamison</u>, 143 Cal.App.4th

19   1568 (2006), Defendants are liable to Plaintiff for *all* vested, unused vacation days, accrued since

20   September 7, 1999, at her final pay rate, with interest, plus reasonable attorney's fees and waiting

21   time penalties under California Labor Code §203.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

LEVINSON ARSHONSKY & KURTZ, LLP

1823-001/82785

### FOURTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE MEAL PERIODS

### UNDER CALIFORNIA LABOR CODE §§226.7, 512

#### (By Plaintiff Against All Defendants)

37.     Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 36.

38.     Plaintiff regularly worked in excess of five hours a day without being provided an uninterrupted meal period of not less than thirty (30) minutes on days, as required by California Labor Code §512 (and the relevant orders of the Industrial Welfare Commission).

39.     Plaintiff also regularly worked in excess of ten hours a day without being provided a second meal period of not less than 30 minutes, which Plaintiff did not waive in writing that second meal period, as required by California Labor Code §512 (and the relevant orders of the Industrial Welfare Commission).

40.     Defendants failed to compensate Plaintiff for missed or deficient meal periods as required under California Labor Code §226.7.

41.     By failing to keep time records as required by California Labor Code §§226 and 1174(d), Defendants have made it difficult to calculate the unpaid meal period compensation due to Plaintiff.

42.     As a proximate result of Defendants' unlawful acts, Plaintiff is entitled to damages in an amount equal to one hour of wages for each meal period that was not provided or was deficiently provided, pursuant to California Labor Code §226.7 and IWC Wage Orders, in a sum to be proven at trial, plus interest.

///

///

///

///

///

LEVINSON ARSHONSKY & KURTZ, LLP

1823-001/82785

# FIFTH CLAIM FOR RELIEF

## UNLAWFUL DEDUCTIONS FROM WAGES

## UNDER CALIFORNIA LABOR CODE §§221, 223

### (By Plaintiff Against All Defendants)

43.     Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 42.

44.     The illegal deductions charged by Defendants against the wages of Plaintiff and the Defendants' former and current employees, is a written policy which states: "[after termination] QSP will adjust your respective earned commissions, as long as the account pays within 180 days of the date of the invoice.  Otherwise, consistent with current policy, potential commissions will be lost for those accounts who do not pay within 180 days."  A true and correct copy of this written policy is attached hereto as Exhibit "B" and incorporated herein by this reference.

45.     The above-stated policy constitutes a device utilized by Defendants to pay Plaintiff less than the stated wages.  Said policy deducted wages from Plaintiff for all accounts that were not paid within 180 days, including accounts that were paid in *full* to Defendants *after* the 180 days.

46.     Defendants made no attempts to pay the wages to Plaintiff after Defendants received payment in full on the accounts after 180 days.

47.     Said illegal deductions amounted to an unlawful withholding of wages due to Plaintiff and constitutes a violation of California Labor Code §221 by Defendants.  As a proximate result of the unlawful acts of Defendants, Plaintiff is entitled to recover penalties of $100 for the initial violation and $200 for each subsequent violation for every pay period in which Defendants made said illegal withholdings from Plaintiff's wages.  Under California Labor Code §218.5, Plaintiff is further entitled to recover her attorney's fees and costs, in an amount to be proven at the time of trial.

///

///

///

///

1823-001/82785

LEVINSON ARSHONSKY & KURTZ, LLP

### SIXTH CLAIM FOR RELIEF

### FOR MISSING WAGES AND WAITING TIME PENALTIES

### UNDER CALIFORNIA LABOR CODE §§201, 202 AND 203

#### (By Plaintiff Against All Defendants)

48.     Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 47.

49.     Defendants are required to pay employees all wages due upon separation of said employment. Defendants terminated Plaintiff's employment on or about February 19, 2010. The above-mentioned Wage Order and California Labor Code §201 requires the payment of all wages upon separation. Defendants have failed and still have not paid Plaintiff for (1) overtime hours, and (2) remaining accrued vacation pay.

50.     California Labor Code §201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California Labor Code §202 requires an employer to pay compensation due and owing to said employee within seventy-two (72) hours of that employee's termination of employment by resignation. California Labor Code §203 provides that an employer who willfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§201 and 202, is liable for waiting time penalties in the form of continued compensation of up to thirty (30) work days.

51.     Defendants willfully failed and refused, and continue willfully to fail and refuse, to pay promptly all compensation and wages owed to Plaintiff. As a result, Defendants are liable to Plaintiff for waiting time penalties, together with interest thereon and attorneys' fees and costs, under California Labor Code §203.

///

///

///

///

///

1823-001/82785

# SEVENTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENT

## UNDER CALIFORNIA LABOR CODE §226

### (By Plaintiff Against All Defendants)

52.     Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 51.

53.     California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

> "Every employer shall . . . at the time of each payment of wages, furnish each of his or her employees . . . an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . (5) net wages earned . . . (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Section (e) provides:

> "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or Fifty Dollars ($50) for the initial pay period in which a violation occurs and One Hundred Dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of Four Thousand Dollars ($4,000), and shall be entitled to an award of costs and reasonable attorneys' fees."

54.     Plaintiff was damaged by these failures because, among other things, the failures led her to believe that she was not entitled to be paid overtime and/or double time wages although she was so entitled.  Also, Defendants' failure to comply with California Labor Code §226(a) hindered Plaintiff from determining the amounts of wages actually owed to her.

55.     Plaintiff requests recovery of California Labor Code §226(e) penalties according to proof, as well as interest, reasonable attorneys' fees and costs pursuant to California Labor Code §226(e), in a sum as provided by the California Labor Code and/or other statutes.

1823-001/82785

LEVINSON ARSHONSKY & KURTZ, LLP

**EIGHTH CLAIM FOR RELIEF**

**UNFAIR COMPETITION, BUSINESS AND PROFESSIONS CODE §17200 *ET SEQ.***

**(By Plaintiff Against All Defendants)**

56.     Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 55.

57.     California Business and Professions Code §17200 *et seq.* defines unfair competition to include any "unfair," "unlawful" or "deceptive" business practice; and provides for injunctive relief and restitution for violations.

58.     Defendants have committed numerous unfair, unlawful or deceptive business practices including: (1) failing to pay overtime compensation for all time worked over 8 hours in a day and/or over 40 hours in a week; (2) failing to provide all meal breaks as required by law for all non-exempt persons; (3) failing to pay wages for vested unused vacation time; (4) making unlawful deductions from wages; (5) willfully failing to provide all wages due upon termination, thus being in violation of California Labor Code §§201 or 202 and, therefore, entitling Plaintiff to waiting time penalties under California Labor Code §203; and (6) failing to provide accurate itemized wage statements in violation of California Labor Code §226.

59.     Plaintiff is informed and believes that Defendants continue to engage in the practices described herein and are continuing and will continue to benefit financially from these unlawful and unfair practices unless enjoined by this Court from doing so.

60.     As a proximate result of Defendants' actions, Plaintiff has suffered injury in fact.

61.     The actions of Defendants detailed herein against all present and former California employees constitute unfair, unlawful and deceptive business practices, and further, constitute actions for which injunctive relief and restitution are available.

62.     Under Business and Professions Code §17200 *et seq.*, Plaintiff is entitled to restitution of all funds, which lawfully should have been paid as wages and/or overtime pay, civil penalties, or penalties wrongfully withheld by Defendants, for the last four (4) years, together with interest thereon, as well as costs and reasonable attorneys' fees pursuant to statute.

LEVINSON ARSHONSKY & KURTZ, LLP

1823-001/82785

63.     Under Business and Professions Code §17200 *et seq.*, Defendants should be enjoined from any and all unfair, unlawful and deceptive business practices now and in the future.

**WHEREFORE, Plaintiff JUDI FIELDS respectfully prays for relief as follows:**

1.      For compensatory damages under 29 U.S.C. §207(a), according to proof at trial;

2.      For liquidated damages equal to the compensatory damages under 29 U.S.C. §216(b), according to proof at trial;

3.      For civil penalties pursuant to California Labor Code §558, according to proof at trial;

4.      For overtime compensation pursuant to California Labor Code §§510 and 1194, in an amount according to proof at trial;

5.      For vested vacation time pay pursuant to California Labor Code §227.3, according to proof at trial;

6.      For an award to Plaintiff in the amount of $4,000.00 pursuant to California Labor Code §226;

7.      For waiting time penalties pursuant to California Labor Code §203, according to proof at trial;

8.      For restitution of all unpaid wages and benefits due as a result of Defendants' unlawful and unfair business practices, according to proof at trial;

9.      For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, its officers, agents, and all those acting in concert with them, from committing those further violations of law herein alleged;

10.     For costs of suit incurred herein;

11.     For interest accrued to date pursuant to California Labor Code §218.6 and §1194;

12.     For attorneys' fees and costs pursuant to California Labor Code §§218.5 and 1194; and

///
///
///
///

LEVINSON ARSHONSKY & KURTZ, LLP

14
COMPLAINT
1823-001/82785

1       13.    For such other and further relief that the Court may deem just and proper.

2 Dated: August 2, 2010             LEVINSON ARSHONSKY & KURTZ, LLP

3

4                                     By: _____

5                                          ROBERT A. LEVINSON
                                         YOONIS J. HAN

6                                          Attorneys for Plaintiff JUDI FIELDS

7                             **DEMAND FOR JURY TRIAL**

8       Plaintiff Judi Fields hereby demands a trial by jury on all issues in this case.

9 Dated: August 2, 2010             LEVINSON ARSHONSKY & KURTZ, LLP

10

11                                       By: _____

12                                          ROBERT A. LEVINSON
                                         YOONIS J. HAN

13                                          Attorneys for Plaintiff JUDI FIELDS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1823-001/82785

LEVINSON ARSHONSKY & KURTZ, LLP

# EXHIBIT "A"

## TOLLING AGREEMENT

This Tolling Agreement (the "Agreement") effective as of April 12, 2010, is entered into by and between Judi Fields ("Fields"), on the one hand, and QSP, Inc. ( "QSP"), on the other hand.

A.      **WHEREAS,** Fields is a former employee of QSP, Inc.

B.      **WHEREAS,** Fields contends that she has claims against QSP for unlawful wage and hour employment practices, both directly and derivatively (under the Private Attorney General Act) (the "Claims").

C.      **WHEREAS,** Fields and QSP have agreed to this Tolling Agreement on the terms and conditions set forth below.

**NOW, THEREFORE,** Fields and QSP agree as follows:

1.      It is the intent of Fields and QSP with respect to the Claims that all applicable statutes of limitations shall be tolled between April 12, 2010 and May 12, 2010 (the "Tolling Period"), unless earlier terminated in writing by either party.

2.      Either party may terminate the Tolling Period upon seven days notice in writing (including email notice) to the other party through their counsel.

3.      Fields and QSP agree that the time of the Tolling Period shall not be included in determining the applicability of any statutes of limitations on the Claims.

4.      Fields agrees not to initiate or file any civil or administrative action with respect to the Claims during the Tolling Period.

5.      This Agreement does not constitute and shall not be offered as any admission or acknowledgment of liability by QSP. Neither this Agreement nor any action taken pursuant to this Agreement shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by QSP.

6.      This Agreement shall not have the effect of reviving any causes of action or claims that were already barred by the running of any limitations period prior to April 12, 2010. Moreover, this Agreement is not a waiver of any defenses available to QSP or a limitation on the rights of Fields.

7.      No other agreements, express or implied, oral or written, have been made between the parties concerning the subject matter of this Agreement.   This is an integrated Agreement.

8.      Other than as expressly set forth herein, nothing in this Agreement shall change or alter the rights and obligations of Fields and QSP.

9.     This Agreement shall be governed and construed in accordance with the laws of the State of California.

10.     This Agreement shall not be strictly construed against either party, but instead will be construed in a manner reflecting its true intent and meaning as it is the product of both parties hereto.

11.     This Agreement may be signed in counterparts, and photocopies of this Agreement may be used as originals.

12.     The undersigned each expressly acknowledge and represent that they are authorized to execute this Agreement on behalf of the party represented.

Dated: April ___, 2010                           Judi Fields

                                                 _____

                                                 By_____

Dated: April _15_, 2010                          QSP, Inc.

                                                 By _Andrew Lachau_
                                                 Its: _Vice President and_
                                                      _Deputy General Counsel_

2

9.      This Agreement shall be governed and construed in accordance with the laws of the State of California.

10.     This Agreement shall not be strictly construed against either party, but instead will be construed in a manner reflecting its true intent and meaning as it is the product of both parties hereto.

11.     This Agreement may be signed in counterparts, and photocopies of this Agreement may be used as originals.

12.     The undersigned each expressly acknowledge and represent that they are authorized to execute this Agreement on behalf of the party represented.

Dated: April 14, 2010

Judi Fields

By _____

Dated: April __, 2010

QSP, Inc.

By_____
Its:_____

2

## Yoonis Han

**From:** Ball, Taylor [TSB@msk.com]
**Sent:** Tuesday, May 18, 2010 4:14 PM
**To:** Robert Levinson
**Cc:** Levin, Adam; Yoonis Han
**Subject:** RE: Judi Fields/QSP, Inc.

Dear Bob:

QSP agrees to extend the tolling agreement through June 30, 2010.

Best,
Taylor

---

**From:** Robert Levinson [mailto:rlevinson@laklawyers.com]
**Sent:** Tuesday, May 18, 2010 4:11 PM
**To:** Ball, Taylor
**Cc:** Levin, Adam; Yoonis Han
**Subject:** RE: Judi Fields/QSP, Inc.

Hello Taylor and Adam – this will confirm our conversation yesterday, May 17th. As we are making reasonable progress in dialoging towards a resolution, Judi Fields agrees to extend the tolling agreement of the parties through June 30, 2010. Please email back that the agreement is likewise extended by QSP. Thank you for your cooperation in this regard….Bob Levinson

Robert A. Levinson, Esq.
Levinson Arshonsky & Kurtz, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone: (818) 382-3434 Fax: (818) 382-3433
rlevinson@laklawyers.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-3434, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

IRS CIRCULAR 230 DISCLOSURE: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in, omitted from, or implied by this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

---

**From:** Ball, Taylor [mailto:TSB@msk.com]
**Sent:** Thursday, May 13, 2010 2:13 PM
**To:** Yoonis Han
**Cc:** Robert Levinson; Levin, Adam
**Subject:** RE: Judi Fields/QSP, Inc.

## Yoonis Han

| | |
|---|---|
| **From:** | Ball, Taylor [TSB@msk.com] |
| **Sent:** | Friday, July 02, 2010 2:05 PM |
| **To:** | Yoonis Han |
| **Cc:** | Robert Levinson |
| **Subject:** | RE: Judi Fields/QSP, Inc. - Tolling Agreement |

QSP, Inc. agrees to extend the tolling agreement through July 31, 2010.


**MS&K | Since 1908 |** *Lawyers for the 21st Century*$^{\text{TM}}$
**Taylor S. Ball** | Mitchell Silberberg & Knupp LLP | 11377 West Olympic Blvd., Los Angeles, CA 90064 | direct: 310 312-3249| fax: 310 231-8449 | tsb@msk.com | www.msk.com

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

IRS CIRCULAR 230: UNDER U.S. TREASURY REGULATIONS, WE ARE REQUIRED TO INFORM YOU THAT ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ANY ATTACHMENT) IS NOT INTENDED TO BE USED, AND CANNOT BE USED, TO AVOID PENALTIES IMPOSED UNDER THE INTERNAL REVENUE CODE.

---

**From:** Yoonis Han [mailto:YHan@laklawyers.com]
**Sent:** Friday, July 02, 2010 2:03 PM
**To:** Ball, Taylor
**Cc:** Robert Levinson
**Subject:** Judi Fields/QSP, Inc. - Tolling Agreement

Dear Mr. Ball,

Judi Fields agrees to extend the tolling agreement of the parties through July 31, 2010. Please confirm via email that the agreement is likewise extended by QSP, Inc. Thank you for your cooperation in this regard.

-Yoonis Han

---

Yoonis J. Han, Esq.
LEVINSON ARSHONSKY & KURTZ, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone: (818) 382-3434
Facsimile: (818) 382-3433
E-mail: yhan@laklawyers.com

* Please consider the environment before printing this email.

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is

## Yoonis Han

**From:** Yoonis Han

**Sent:** Friday, July 23, 2010 11:54 AM

**To:** Ball, Taylor

**Cc:** Levin, Adam; Robert Levinson

**Subject:** Judi Fields/QSP, Inc. - Notice of Termination of Tolling Period

Dear Mr. Ball:

This email shall serve as notice to QSP, Inc., that Ms. Judi Fields hereby terminates the tolling period, as defined in the tolling agreement entered into by the parties on or about April 14, 2010, which by extensions was to expire on July 31, 2010.

As agreed by the parties, termination of the tolling period shall be effective seven (7) days after the date of this email notice.

Thank you.
Yoonis Han

---

**Yoonis J. Han, Esq.**
LEVINSON ARSHONSKY & KURTZ, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone: (818) 382-3434
Facsimile: (818) 382-3433
E-mail: yhan@laklawyers.com

\* Please consider the environment before printing this email.

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-3434, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

IRS CIRCULAR 230 DISCLOSURE: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in, omitted from, or implied by this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

# EXHIBIT "B"

# LA&K

LEVINSON ARSHONSKY & KURTZ, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA  91403
TELEPHONE (818) 382-3434
FACSIMILE (818) 382-3433
www.laklawyers.com

rlevinson@laklawyers.com

OUR FILE NUMBER
1823-001

August 2, 2010

**CERTIFIED MAIL NO. 7009 2820 0001 7301 8918**
**RETURN RECEIPT REQUESTED**

Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA  95814

**CERTIFIED MAIL NO. 7009 2820 0001 7301 8925**
**RETURN RECEIPT REQUESTED**

QSP, Inc.
225 High Ridge Road
Stamford, CT  06902

**CERTIFIED MAIL NO. 7009 2820 0001 7301 8932**
**RETURN RECEIPT REQUESTED**

Time Inc.
1271 Avenue of the Americas
New York, NY  10020

> Re:   *Judi Fields v. QSP, Inc., et al.*

Dear Madam/Sir:

This firm has been retained by Ms. Judi Fields concerning a wage and hour action against her former employers QSP, Inc. and Time Inc. (collectively "Employers"). I am writing this letter to the Labor & Workforce Development Agency ("LWDA") pursuant to the provisions of the California Labor Code sections 2699 and 2699.3. The purpose of this letter is to inquire whether the LWDA intends to investigate and seek civil penalties associated with my client's allegations against her former Employers' violations of the Labor Code.

My client worked for her Employers from September 7, 1999 until February 19, 2010. Plaintiff was employed as an account manager from September 7, 1999 to about 2005, and as a

Labor & Workforce Development Agency
QSP, Inc.
Time Inc.
Re: *Judi Fields v. QSP, Inc., et al.*
August 2, 2010
Page 2 of 3


"Service and Sales Specialist" from about 2005 to February 19, 2010.  The Employers appear to
have the following business/mailing addresses and contact information:

      QSP, Inc.
      225 High Ridge Road
      Stamford, CT 06902

      Time Inc.
      1271 Avenue of the Americas
      New York, NY 10020

      The following is a summary of my client's wage and hour claims against her former
Employers on behalf of herself and other current or former employees.  In addition to the
following claims, my client will also seek solely on her own behalf, payment of wages for
overtime hours under Labor Code sections 510 and 1194, and missed or deficient meal periods
under Labor Code sections 226.7 and 512.

      First, my client alleges that her Employers did not, at the time of her termination from her
Employers, receive pay for her vested unused vacation time, which constitutes wages.  The
Employers had a policy in effect by which vacation not taken was forfeited, and all other
employees suffered the same fate. As a result, my client alleges that the Employers failed to pay
my client all wages due at the time of her separation or employment and would have done so
with respect to all other employees from whom they forfeited vacation pay.

      My client further alleges that the Employers engaged in unlawful deductions from wages.
The Employers have maintained and continue to maintain an illegal policy of deducting from all
salespersons all commissions, which count as wages, on accounts that pay past 180 days.  The
Employers deduct and withhold all commission on these accounts, even in instances where the
accounts are paid in full to the Employers after the 180 days and the employees are still working
for Employer.

      My client intends to file a civil action concerning her claims as warranted by the
Industrial Welfare Commission's ("IWC") Wage Order 7; California Labor Code sections 201,
202, 203, 221, 223, 226.7, 227.3, 510, 512m and 1194; and California Business and Professions
Code section 17200, *et seq.*  This letter is being sent to you as an inquiry into whether LWDA
wishes to investigate my client's allegations for any civil penalties associated with her former
Employers' violations of these Code sections.

Labor & Workforce Development Agency
QSP, Inc.
Time Inc.
Re: *Judi Fields v. QSP, Inc., et al.*
August 2, 2010
Page 3 of 3


     I thank you for your assistance and cooperation in this matter.  Please feel free to contact me if you have any questions.

Very truly yours,

ROBERT A. LEVINSON
Levinson Arshonsky & Kurtz, LLP

RAL/yjh
cc:    Adam Levin, Esq.
       Taylor Ball, Esq.
       Ms. Judi Fields

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 5772 CAS (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL  District of CALIFORNIA

| | |
|---|---|
| JUDI FIELDS, an individual | ) |
| *Plaintiff* | ) |
| v. | ) |
| QSP, INC., a Delaware corporation; TIME | ) |
| INC., a Delaware corporation; and DOES 1 | ) |
| *Defendant* through 50, Inclusive | ) |

**CV10  5772  CAS**

SSx

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

QSP, INC., a Delaware corporation, 225 High Ridge Road, Stamford, CT 06902;

TIME INC., a Delaware corporation, 1271 Avenue of the Americas, New York, NY 10020

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Robert A. Levinson, Esq.            E-mail:  rlevinson@laklawyers.com
Yoonis J. Han, Esq.                 E-mail:  yhan@laklawyers.com
Levinson Arshonsky & Kurtz, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone:  (818) 382-3434   Fax:  (818) 382-3433

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ AUG – 3 2010 _____          **CHRISTOPHER POWERS**
                                        *Signature of Clerk or Deputy Clerk*

AO-440

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

JUDI FIELDS, an individual

**DEFENDANTS**

QSP, INC., a Delaware corporation; TIME INC., a Delaware corporation, and DOES 1 through 50, Inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Robert A. Levinson [SBN 82300]
Yoonis J. Han [SBN 256151]
LEVINSON ARSHONSKY & KURTZ, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA  91403
T: (818) 382-3434   F: (818) 382-3433

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.) at least $75,000 plus interest and costs subject

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ to proof at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Complaint for failure to pay overtime wages, vested vacation time, provide meal periods, unlawful deductions from wages, waiting time penalties, failure to provide accurate itemized statements, and unfair competition and business practices.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

CV10 5772

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| qualified to do business in, and does, in Calif. | QSP, Inc., Connecticut - principal place of business |
| qualified to do business in, and does, in Calif. | Time Inc., New York - principal place of business |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 7/30/10

ROBERT A. LEVINSON, ESQ.

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |