UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** **(In Chambers:) ORDER TO SHOW CAUSE WHY COURT SHOULD NOT DISMISS COUNTERCLAIMANT TI MEDIA SOLUTIONS INC.'S COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

## I.   INTRODUCTION

On August 3, 2010, plaintiff Judi Fields filed the instant action against QSP, Inc., a Delaware corporation; Time, Inc. ("Time"); and Does 1 through 50, inclusive (collectively, "defendants"). On September 8, 2010, Fields filed a first amended complaint ("FAC") against defendants alleging claims for: (1) failure to pay overtime wages under 29 U.S.C. §§ 207(a) and 216(b); (2) failure to pay overtime wages under California Labor Code §§ 510, 1194; (3) failure to pay vested vacation time under California Labor Code § 227.3; (4) failure to provide meal periods under California Labor Code §§ 226.7, 512; (5) unlawful deductions from wages under California Labor Code §§ 221, 223; (6) waiting time penalties under California Labor Code §§ 201, 202 and 203; (7) failure to provide accurate itemized statements under California Labor Code § 226; (8) unfair competition and unfair business practices under California Business and Professions Code § 17200 et seq.; and (9) civil penalties under Private Attorney General's Act, Labor Code § 2968 et seq.

On December 17, 2010, TI Media Solutions (formerly known as QSP, Inc.) ("QSP") filed an answer to the FAC and first amended counterclaims ("FACC") against Fields for: (1) breach of fiduciary duty and duty of loyalty; (2) breach of contract; (3) grossly and culpably negligent performance of duties; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of California Labor Code §§ 2854, 2856, 2858, 2859, 2860, 2863 and 2865; (6) misappropriation of trade secrets; and (7) violation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

of California Business and Professions Code § 17200.

## II. LEGAL STANDARD

QSP asserts that the Court has supplemental jurisdiction over the counterclaims. FACC ¶ 3. District courts may exercise jurisdiction over state law claims supplemental to their federal question jurisdiction only if those state law claims are so closely related to the federal claim that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Counterclaims are governed by Rule 13 of the Federal Rules of Civil Procedure, which categorize counterclaims as either compulsory or permissive. See Fed. R. Civ. P. 13. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." Fed. R. Civ. P. 13(a)(1)(A). Supplemental jurisdiction generally automatically extends to compulsory counterclaims, because "[r]efusal to entertain a compulsory counterclaim might lead to its forfeiture." Baker v. Gold Seal Liquors, 417 U.S. 467, 468 n.1 (1974). The Ninth Circuit applies the "logical relationship test" to determine whether a counterclaim is compulsory. Pochiro v. Prudential Ins. Co., 827 F.2d 1246, 1249 (9th Cir. 1987). Applying the logical relationship test, the court must examine "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id.

Permissive counterclaims include "any claim that is not compulsory." Fed. R. Civ. P. 13(b). Permissive counterclaims require an independent basis for subject matter jurisdiction. See Otsuka v. Polo Ralph Lauren Corp., No. C 07-02780 SI, 2008 WL 2037621, at *3 (N.D. Cal. May 12, 2008) (citing Iglesias v. Mut. Life Ins. Co., 156 F.3d 237, 241 (1st Cir. 1998)). Where there is no independent basis for jurisdiction over a permissive counterclaim, the Court may still exercise supplemental jurisdiction over the counterclaim where the counterclaim and the claims in the action "'derive from a common nucleus of operative fact' and are such that a 'plaintiff would be expected to try them in one judicial proceeding.'" Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint. Inc., 323 F.3d 923, 925 (9th Cir. 2003) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1996)); see Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 8:1236 (The Rutter Group 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

### III. DISCUSSION

On December 28, 2010, counterclaim defendant Fields filed a motion to dismiss QSP's FACC. Before addressing the merits of QSP's counterclaims, the Court must first determine whether it has subject matter jurisdiction over the counterclaims. See Sea-Land Serv., Inc. v. Lozen Int'l LLC, 285 F.3d 808, 814 (9th Cir. 2002).

The Court has original jurisdiction over Fields' first claim for failure to pay overtime wages in violation of section 207(a) of the Fair Labor Standards Act ("FLSA") because it arises under a federal statute. 28 U.S.C. § 1331; see FAC ¶¶ 13, 17–25.[1] QSP alleges seven common law and state law counterclaims against Fields. See FACC. QSP's sole basis for invoking this Court's jurisdiction over its counterclaims is 28 U.S.C. § 1367(a), supplemental jurisdiction. FACC ¶ 3. QSP maintains that the Court has supplemental jurisdiction over its counterclaims because they arise out of the same transaction or occurrence that forms the basis for Fields' claims against QSP. FACC ¶ 3.

It appears that QSP's counterclaims are not compulsory. QSP's counterclaims are based on the allegations that while Fields was employed by QSP, she wrongfully contacted QSP's sales representatives for whom she provided support services and told them that she would no longer provide support services for them unless they paid her money in addition to the salary she was paid by QSP. FACC ¶¶ 11–13. QSP further alleges that when Fields ceased her relationship with QSP, she misappropriated certain confidential business information and trade secrets and began using it for her own benefit. FACC ¶ 22. The essential facts underpinning QSP's counterclaims appear to be logically unconnected to Fields' FAC, which asserts violations of federal and state labor laws. See Otsuka, 2008 WL 2037621, at *3 (finding that Polo's counterclaims alleging breach of fiduciary duty and engaging in conspiracy to commit conversion were not logically connected to plaintiff's alleged violations of the California Labor Code).

On the face of the FACC, there is no independent basis for asserting subject matter

---

[1] The Court has supplemental jurisdiction over the remainder of Fields' state law labor claims, alleging, *inter alia,* failure to provide overtime wages, vested vacation time, meal breaks, compensation upon termination, and accurate itemized wage statements, which all appear to derive from a common nucleus of operative fact as her FLSA claim. See 28 U.S.C. § 1367(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

jurisdiction over QSP's counterclaims. There is no jurisdiction under 28 U.S.C. § 1331 because the FACC only alleges common law and state law claims. Similarly, it does not appear that diversity jurisdiction exists because there is no allegation that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1) ("the district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."). Finally, it appears that exercising supplemental jurisdiction over QSP's counterclaim is inappropriate because there is an insufficient factual nexus between QSP's counterclaims and Fields' claims to support a finding that they derive from a common nucleus of operative fact. See Otsuka, 2008 WL 2037621, at *3 ("When Polo's claims that Kiser misused his employee discount and helped steal merchandise from Polo are compared to the class claims that Polo requires employees to work off the clock and does not fully compensate them for their labor, it is apparent that the claims do not share a common nucleus of operative fact."). The only connection between Fields' claims and QSP's counterclaims is that both arise out of Fields' employment with QSP. That fact, standing alone, appears to be insufficient to support a finding that they derive from a common nucleus of operative fact. See Lyon v. Whisman, 25 F.3d 758, 763 (3d Cir. 1995) (no common nucleus between FLSA claim for overtime pay and breach of contract action for failure to pay a bonus); see also Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008) ("the employment relationship does not establish a 'common nucleus of operative fact' where it is the sole fact connecting Plaintiffs' federal overtime claims and [defendant's] state law counterclaims"); Cormier v. Funtown/Splashtown USA, Inc., 294 F. Supp. 2d 125, 129–31 (D. Me. 2003).

### III.  CONCLUSION

In accordance with the foregoing, QSP is hereby ORDERED to SHOW CAUSE on or before **February 21, 2011**, why its first amended counterclaims should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |