UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | April 8, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** **(In Chambers:)**

**ORDER DISSOLVING ORDER TO SHOW CAUSE** (filed 02/01/11)

**COUNTERCLAIM DEFENDANT JUDI FIELDS' MOTION TO DISMISS COUNTERCLAIMS** (filed 12/28/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION

On August 3, 2010, plaintiff Judi Fields filed the instant action against QSP, Inc., a Delaware corporation; Time, Inc. ("Time"); and Does 1 through 50, inclusive (collectively, "defendants"). On September 8, 2010, plaintiff filed a first amended complaint ("FAC") against the same defendants alleging claims for: (1) failure to pay overtime wages under 29 U.S.C. §§ 207(a), 216(b); (2) failure to pay overtime wages under California Labor Code §§ 510, 1194; (3) failure to pay vested vacation time under California Labor Code § 227.3; (4) failure to provide meal periods under California Labor Code §§ 226.7, 512; (5) unlawful deductions from wages under California Labor Code §§ 221, 223; (6) waiting time penalties under California Labor Code §§ 201, 202 and 203; (7) failure to provide accurate itemized statements under California Labor Code § 226; (8) unfair competition and unfair business practices under California Business and Professions Code § 17200 et seq.; and (9) civil penalties under Private Attorney General's Act, Labor Code § 2968 et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | April 8, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

On December 17, 2010, TI Media Solutions (formerly known as QSP, Inc.) ("QSP") filed an answer to the FAC and first amended counterclaims ("FACC") against Fields for: (1) breach of fiduciary duty and duty of loyalty; (2) breach of contract; (3) grossly and culpably negligent performance of duties; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of California Labor Code §§ 2854, 2856, 2858, 2859, 2860, 2863 and 2865; (6) misappropriation of trade secrets; and (7) violation of California Business and Professions Code § 17200.

On December 28, 2010, counterclaim defendant Fields filed the instant motion to dismiss QSP's FACC. On January 10, 2011, QSP filed an opposition to Fields' motion. Fields replied on January 14, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.[1]

## II. BACKGROUND

QSP develops and administers fundraising programs for schools and youth organizations across the country. FACC ¶ 4. QSP employs a sales force, primarily consists of Field Sales Managers ("FSMs"), who sell schools QSP's fundraising program. Id. ¶ 5. Fields was first hired by QSP on September 7, 1999, and became a Sales Development Manager on July 1, 2009. Id. ¶¶ 6, 9. As a Sales Development Manager,

---

[1] On February 1, 2011, the Court ordered QSP to show cause why the Court should not dismiss its counterclaims for lack of subject matter jurisdiction. On February 18, 2011, QSP filed a response to the Court's order to show cause. Having carefully considered the arguments set forth by QSP, the Court finds that QSP's counterclaims are permissive. See Fed. R. Civ. P. 13(b). The Court may exercise supplemental jurisdiction because the counterclaims and the claims in Fields' FAC "'derive from a common nucleus of operative fact' and are such that a 'plaintiff would be expected to try them in one judicial proceeding.'" Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint. Inc., 323 F.3d 923, 925 (9th Cir. 2003) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1996)); see Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 8:1236 (The Rutter Group 2007). Accordingly, the Court hereby VACATES the order to show cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | April 8, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

Fields was responsible for providing support services for a group of FSMs operating primarily throughout California. Id. ¶ 10.

QSP alleges that when Fields became a Sales Development Manager, she contacted the FSMs for whom she provided support services and told them that she would no longer provide services for them unless they paid her money in addition to the salary she was paid by QSP. Id. ¶ 11. QSP alleges that a certain number FSMs agreed to pay Fields the additional monies, and that Fields refused to provide support services for any FSM who did not pay her directly. Id. ¶ 12. QSP alleges that on January 11, 2010, Ray Monks, Regional Manager for QSP, informed Fields and the FSMs whom she supported that the FSMs should not pay Fields directly. Id. ¶ 13. Despite this instruction, QSP alleges that Fields continued to require FSMs to directly compensate her in order to receive her services. Id.

Fields relationship with QSP ceased on February 19, 2010. Id. ¶ 15. QSP alleges that after the termination of her relationship with QSP, Fields misappropriated confidential QSP business information and trade secrets and began using such information for her own benefit. Id. ¶ 22.

**III. LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | April 8, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.   DISCUSSION**

Fields moves to dismiss QSP's counterclaims for: (1) breach of fiduciary duty and duty of loyalty; (2) breach of contract; (3) grossly and culpably negligent performance of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | April 8, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

duties; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of California Labor Code §§ 2854, 2856, 2858, 2859, 2860, 2863 and 2865; and (7) violation of California Business and Professions Code § 17200.[2]  Mot. at 1.

### A.  Counterclaim 1: Breach of Fiduciary Duty and Duty of Loyalty[3]

QSP alleges that Fields breached her fiduciary duty and duty of loyalty to QSP by acting in her own personal interest, over and competitive with the business interest of QSP.  FACC ¶ 27.

#### 1.  Breach of Fiduciary Duty

The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) resulting damages.  Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008).  Fields argues that QSP's counterclaim for breach of fiduciary duty fails as a matter of law because, as an ordinary at-will employee, she did not owe a fiduciary duty to QSP.  Id. at 3–4.

Under California law, "an officer who participates in management of the corporation, exercising some discretionary authority, is a fiduciary of the corporation as a matter of law.  Conversely, a 'nominal' officer with no management authority is not a fiduciary."  GAB Business Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc., 83 Cal. App. 4th 409, 421 (2000), rev'd on other grounds by Reeves v. Hanlon, 33 Cal. 4th 1140 (2004)).  Here, the FACC is devoid of any allegations that Fields was an officer of QSP,

---

[2] Fields does not seek dismissal of QSP's sixth counterclaim for misappropriation of trade secrets.  See FACC ¶¶ 58–72.

[3] Although they are similar, breach of fiduciary duty and breach of the duty of loyalty are two distinct claims under California law.  See, e.g., Otsuka v. Polo Ralph Lauren Corp., No. C 07-02780 SI, 2007 WL 3342721, at *3 (N.D. Cal. Nov. 9, 2007) (construing claim styled as breach of fiduciary duty as claim for breach of the duty of loyalty).  Accordingly, the Court liberally construes QSP's first counterclaim as asserting separate claims for breach of fiduciary duty and breach of the duty of loyalty.  The Court addresses these claims separately.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | April 8, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

participated in the management of QSP, or exercised any discretionary authority. Accordingly, the Court DISMISSES QSP's counterclaim for breach of fiduciary duty.

### 2. Breach of the Duty of Loyalty

The elements of a cause of action for breach of the duty of loyalty are virtually identical to those for breach of fiduciary duty: "(1) the existence of a relationship giving rise to a duty of loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach." Huong Que, Inc. v. Luu, 150 Cal. App. 4th 400, 410 (2007). Unlike a fiduciary duty, however, all employees, including "lower-level employee[s], such as . . . sales clerk[s] or . . . laborer[s], owe[] a duty of loyalty to [their] employer." Otsuka, 2007 WL 3342721, at *3; see Restatement (Third) of Agency § 1.01 ("As agents, all employees owe duties of loyalty to their employers.").

Fields argues that the allegations in the FACC are insufficient to demonstrate a breach of the duty of loyalty because, under California law, the duty of loyalty "has only been applied in the context of an employee transferring his loyalty from his employer to a competing business by using or disclosing confidential information." Mot. at 5–6 (quoting In re Brocade Commc'ns Sys., Inc. Derivative Litig., 615 F. Supp. 2d 1018, 1050 (N.D. Cal. 2009)). Even accepting as true Fields' narrow formulation of the breach of the duty of loyalty,[4] the Court finds that the allegations in the FACC are sufficient to state a claim. The allegation that Fields informed FSMs that she would no longer provide them services unless they paid her directly, supports an inference that Fields established an operation that was in direct competition with QSP, thereby breaching her duty of loyalty. See FACC ¶ 27.

---

[4] The Court reserves judgment as to the precise scope of the breach of the duty of loyalty under California law. The Court notes, however, that at least one California case defines a breach of the duty of loyalty more broadly than the formulation in In re Brocade. See Stokes v. Dole Nut Co., 41 Cal. App. 4th 285, 295 (1995) ("The duty of loyalty is breached, and may give rise to a cause of action in the employer, when the employee takes action which is inimical to the best interests of the employer.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | April 8, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

In sum, the Court GRANTS Fields' motion to dismiss the breach of fiduciary duty counterclaim and DENIES Fields' motion to dismiss the breach of the duty of loyalty counterclaim.

### B.  Counterclaim 4: Breach of the Implied Covenant of Good Faith and Fair Dealing

QSP alleges that the contracts between Fields and QSP each contained an implied covenant of good faith and fair dealing, which obligated Fields to perform the terms and conditions of the contract fairly and to refrain from doing any act which would deprive QSP of the benefit of the contract.  FACC ¶ 44.  QSP alleges that Fields breached the implied covenant of good faith and fair dealing by requiring FSMs to directly pay her to provide them with same services that QSP was compensating her to perform, and by using QSP's confidential business and trade secret information following her separation. Id. ¶¶ 46–47.

Fields argues that the Court should dismiss this claim because QSP seeks to recover tort remedies for Fields' alleged breach of the terms of her employment contract. Mot. at 6–8 (citing Foley v. Interactive Data Corp., 47 Cal. 3d 654, 700 (1998) (holding that " tort remedies are not available for breach of the implied covenant in an employment contract to employees who allege they have been discharged in violation of the covenant.")).  In opposition, QSP states that it is not seeking tort damages for the alleged breach of the implied covenant of good faith and fair dealing.  Opp'n at 7.

QSP's statement clarifying that it only intends to recover contractual damages for the purported breach of the implied covenant of good faith and fair dealing does not end the Court's inquiry.  Because QSP alleges a separate breach of contract claim, see FACC ¶¶ 31–42, the Court must determine whether QSP's claim for breach of the implied covenant of good faith and fair dealing is superfluous.  See, e.g., Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1369 (2010) (dismissing implied duty of good faith and fair dealing claim that was "essentially based on the same allegations as the breach of contract cause of action."); Hougue v. City of Holtville, No. 07cv2229 WQH (WMc), 2008 WL 1925249, at *4 (S.D. Cal. Apr. 30, 2008) (same).  If the allegations supporting a claim for breach of the implied covenant of good faith and fair dealing do not "go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | April 8, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

cause of action, they may be disregarded as superfluous as no additional claim is actually stated." Careau & Co. v. Security Pac. Business Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990). To allege an independent claim for breach of the implied covenant of good faith and fair dealing, a plaintiff "must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Id.

Here, QSP alleges that Fields refused to perform her job unless FSMs directly compensated her in addition to the compensation she was already receiving for performing the same services, despite express instructions from QSP that she cease doing so. FACC ¶ 13. The Court concludes that this allegation is sufficient to give rise to an independent claim for breach of the implied covenant of good faith and fair dealing because it "go[es] beyond the statement of a mere contract breach" and demonstrates Fields' refusal to discharge her employment responsibilities "by a conscious and deliberate act." Careau & Co., 222 Cal. App. 3d at 1395. Accordingly, the Court DENIES Fields' motion to dismiss QSP's fourth counterclaim for breach of the implied covenant of good faith and fair dealing.

### C. Counterclaim 7: Unfair Competition

The Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., forbids unfair competition, including unfair, deceptive, untrue, or misleading advertising. To have standing to bring suit under the UCL, a plaintiff must "make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1590 (2008). A plaintiff suffers a loss of money where he parts, deliberately or otherwise, with some identifiable sum formerly belonging to him or subject to his control. Mattel, Inc. v. MGA Entm't, Inc., --- F. Supp. 2d ----, 2010 WL 5422504, at *70 (C.D. Cal. Dec. 27, 2010). A plaintiff suffers a loss of property where he parts with some particular item of property that he formerly owned or possessed. Id.

Fields argues that QSP does not have standing to assert a claim under the UCL because the FACC does not include facts that QSP suffered a loss of money or property

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | April 8, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

as a result of Fields' alleged unfair competition. Mot. at 9 (citing Jensen v. Quality Loan Service Corp., 702 F. Supp. 2d 1183, 1199 (E.D. Cal. 2010) (plaintiff's formulaic accusation that he had "'incurred out of pocket monetary damages' and he 'continues to incur monetary damages,'" was insufficient to confer standing under the UCL); Ruiz v. Gap, Inc., 540 F. Supp. 2d 1121, 1127 (N.D. Cal. 2008) (plaintiff did not suffer a loss of property where defendant, a prospective employer, allowed laptops containing unencrypted electronically-stored personal information of job applicants to be stolen)).

QSP responds that it has adequately pled that it has suffered an injury in fact as a result of Fields' conduct. Opp'n at 8. OSP argues that its allegation that it paid Fields to perform services which she never actually performed constitutes a loss of money. Id. (citing FACC ¶ 12; Aron v. U-Haul Co. of Cal., 143 Cal. App. 4th 796, 802–03 (2006)). QSP further asserts that its allegation that Fields misappropriated its confidential business information and proprietary trade secrets constitutes a loss of property. Id. (citing FACC ¶ 22; Courtesy Temporary Service, Inc. v. Camacho, 222 Cal. App. 3d 1278, 1292 (1990)). QSP argues that Jensen is distinguishable because QSP's allegations are markedly more specific than the plaintiff's in Jensen. Id. at 8–9 (citing FACC ¶¶ 7–12). In addition, QSP contends that unlike the electronically-stored personal information at issue in Ruiz, QSP has standing because Fields misappropriated tangible property, such as customer lists, marketing materials, and price lists. Id. at 9 (citing FACC ¶ 19).

The Court finds that the allegations in QSP's FACC are sufficient to demonstrate that it has standing under the UCL. First, it is a reasonable inference from the allegations in the FACC that QSP paid Fields more than it otherwise would have had it known that it was paying her for the same services that FSMs were compensating her to perform. In addition, QSP alleges that Fields "refused to provide support services for any FSM who did not pay Fields directly." FACC ¶ 12. This gives rise to an inference that QSP paid Fields for work that she never completed. Thus, the Court concludes that QSP has sufficiently alleged that it lost money as a result of Fields' conduct. See Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 323 (2011) (a plaintiff may show economic injury from unfair competition by "surrender[ing] in a transaction more, or acquir[ing] in a transaction less, than he or she otherwise would have."). Moreover, QSP's allegation that Fields misappropriated its business plans and strategies, pricing information, personnel information and customer lists is sufficient to establish a loss of property. See id. (a plaintiff may establish economic injury by "hav[ing] a present or future property interest diminished" or being "deprived of . . . property to which he or she has a cognizable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5772 CAS (SSx) | Date | April 8, 2011 |
|---|---|---|---|
| Title | JUDI FIELDS v. QSP, INC.; ET AL. | | |

claim."). Accordingly, the Court DENIES Fields' motion to dismiss QSP's seventh claim for relief.

### D.     Counterclaims 1 – 5: Damages

Fields moves to dismiss QSP's first five counterclaims on the grounds that QSP fails to adequately allege that it has suffered damages. Mot. at 10–12. Fields argues that QSP's conclusory allegations regarding damages are insufficient to support a claim for relief under Iqbal. Id. at 11. For the same reasons the Court finds that QSP has standing under the UCL, the Court concludes that QSP alleges sufficient facts to demonstrate that it has suffered damages as a result of Fields' wrongful conduct. Accordingly, the Court DENIES Fields' motion to dismiss QSP first, second, third, fourth and fifth counterclaims.

### V.     CONCLUSION

In accordance with the foregoing, the Court hereby VACATES the Order to Show Cause issued on February 1, 2011. The Court hereby GRANTS in part and DENIES in part counterclaim defendant Fields' motion to dismiss QSP's first amended counterclaims. Specifically, the Court GRANTS Fields' motion to dismiss the first counterclaim insofar as QSP alleges a breach of fiduciary duty. The Court DENIES Fields' motion to dismiss the first counterclaim insofar as QSP alleges a breach of the duty of loyalty. The Court DENIES Fields' motion to dismiss the second, third, fourth, fifth, and seventh counterclaims.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |